567 S.E.2d 250

**In the Matter of Dennis C. GILCHRIST, Respondent.**

No. 25497.

Supreme Court of South Carolina.

Submitted June 18, 2002.

Decided July 15, 2002.

Henry B. Richardson, Jr. and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

—————————

Michael J. Giese, of Greenville, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR.[1] In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension ranging from six months to eighteen months. We accept the Agreement and impose a definite suspension of eighteen months from the practice of law. The facts as admitted in the Agreement are as follows.

## *Facts*

Respondent pled guilty to possession of crack cocaine, in violation of 21 U.S.C. § 844(a). He was sentenced to eighteen months imprisonment and three years of supervised release. After the United States Government filed a motion for a reduction of sentence, respondent was re-sentenced to five years probation and six months of home confinement.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving moral turpitude); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(4) (conviction of a crime of moral turpitude or a serious crime); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to prac-

---

**1.** Respondent was placed on interim suspension by order of this Court dated April 25, 2000. *In the Matter of Gilchrist,* 340 S.C. 287, 531 S.E.2d 523 (2000).

tice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### Conclusion

Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement. We therefore suspend respondent from the practice of law for eighteen months. This suspension is not retroactive to the date of respondent's interim suspension. Pursuant to Rule 33(f)(10), RLDE, Rule 413, SCACR, respondent must have completed probation prior to petitioning for reinstatement to the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.